THE BUILDING AND LOAN ASSOCIATION OF DAKOTA ET AL. *v.* COBURN.

[No. 18,441, Filed June 16, 1898.]

MECHANIC'S LIEN.—*Mortgages.—Priority.*—Under the provision of section 7256, Burns' R. S. 1894, that the lien of a mechanic attaches to the building and to the interest of the owners in the lot or land, and, where "the land is encumbered by mortgage, the lien, so far as concerns the buildings erected by said lien holder, is not impaired by * * * foreclosure of the mortgage, but the same may be sold to satisfy the lien," etc., the holder of a mechanic's lien has precedence, as to the building itself, over a mortgage, executed on the lot, prior to the construction of the building thereon, although the money for which the mortgage was executed was expended in the construction of such building.

From the Marion Superior Court. *Affirmed.*

*Charles A. Dryer,* for appellants.

*John Coburn* and *G. W. McDonald,* for appellee.

HACKNEY, C. J.—The questions in this case involve title to real estate and priority of liens, and arise upon a special finding of facts with conclusions of law. The facts specially found were that in November, 1891, one Collett was the owner of the real estate in question, and made an agreement to convey the same to Grace C. Brown when $450.00, the balance of $500.00 consideration therefor, should be paid. Grace C. Brown went into possession, and applied to the appellant association for a loan of $1,600.00, which loan was granted, and a mortgage therefor was executed by her upon said real estate, and recorded July 12, 1892.

In August, 1892, said Grace C. Brown made a contract for the erection of a dwelling house, fences, etc., upon said real estate, for the price of $1,525.00; that in August, September, and October, 1892, as the erection of said building progressed, said association paid upon the orders of said Grace C. Brown, $1,000.00 upon the labor and materials employed in said improvements, and the sum of $12.80 for fire insurance. In addition thereto said association retained from said loan, by agreement with said Grace C. Brown, $300.50 dues, interest, etc., upon said loan, making thereby an advancement of $1,313.30 upon said loan; that the contractors for the construction of said house and other improvements purchased from Henry Coburn and others lumber and other materials which were used in the improvements so made, and were never paid for, but for which liens were duly filed in the sum of $741.87, and upon which, with interest and attorney's fees, the sum of $823.87 is due; that the lot is of the

value of $600.00 and the improvements are of the value of $1,400.00; that pending the suit to foreclose said liens the executors of the estate of said Collett, now deceased, sold and conveyed said real estate, and transferred the notes of Grace C. Brown to William H. Coburn, appellant herein.

The court found as conclusions of law that William H. Coburn held a first lien upon the lot, apart from the building, for $601.25, balance unpaid on the price agreed to be paid by Grace C. Brown for said lot; that Henry Coburn and the other mechanics' lien holders were entitled to first liens upon the buildings, apart from the lot; that the building and loan association was entitled to a second lien upon the lot, after that of William H. Coburn, and to a lien upon the buildings, after said mechanics' liens; and that William H. Coburn was entitled to a lien upon the buildings after the mechanics' liens and the building, etc., association lien thereon.

There has been considerable discussion as to whether section 7258, Burns' R. S. 1894 (section 4, act March 6, 1883), was repealed by the act of March 9, 1889 (Acts 1889, p. 257). The affirmation of this proposition includes the further inquiry as to whether the title of said act of 1889 sufficiently conforms to the constitution in expressing the subject, namely, the repeal of section 4.

The existence of that section we do not regard as important to the decision of this case. Sections 7255, 7256, Burns' R. S. 1894, clearly manifest the intention of the legislature to regard the lot upon which buildings are erected or improvements are made, apart from such buildings or improvements, in considering to what the lien shall attach, and as to the priorities between mechanic's liens and mortgages existing before the erections or improvements.

The Building and Loan Association of Dakota *v.* Coburn.

The lien of the mechanic attaches to the "building" and to "the interests of the owners" in the lot or land, and where "the land is incumbered by mortgage, the lien, so far as concerns the buildings erected by said lien holder, is not impaired by   *   *   *   foreclosure of the mortgage; but the same may be sold to satisfy the lien," etc.

The position of the association is that of a mortgagee of the lot before the buildings were erected, with no claim to a mechanic's lien in its favor, by reason of having contributed to the erection of the buildings, and no element of subrogation in its favor.

There is no contention that William H. Coburn was not entitled, as against the association, to precedence in lien upon the lot.   As to the mechanic's lien the trial court gave the association precedence upon the lot.   The only point of contention therefore, is between the mechanics' liens and the mortgage upon the buildings, the holders of each contending for the precedence.   Much is said of the equities of the parties respectively, but the statute, section 7256, *supra*, provides that the mechanic's lien shall not be impaired by a foreclosure of the mortgage.   This is equivalent to a declaration of precedence in favor of the mechanic's lien, and the fact that the association did not seek a foreclosure of its mortgage is not material. If in a foreclosure the mechanic's lien would not be impaired, the effect of the statute could not be defeated by a contest of priorities in advance of foreclosure proceedings.

In its essential features this case is like that of *Carriger* v. *Mackey,* 15 Ind. App. 392.   Finding no error in the record, the judgment of the lower court is affirmed.